those cases considered necessary to support the reasoning followed and the conclusion reached.

The protest is sustained and judgment will be rendered accordingly.

**No. 67144.**—The American Import Company v. United States, protest 58/14098 (San Francisco).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of bicycle horns similar in all material respects to those the subject of *G. Joannou Cycle Co., Inc.* v. *United States* (46 Cust. Ct. 172, C.D. 2253), the claim of the plaintiff was sustained.

**No. 67145.**—Victor Machinery Exchange, Inc. v. United States, protest 290170–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of vises similar in all material respects to those the subject of Abstract 60909, the claim of the plaintiff was sustained.

**No. 67146.**—Transamerican Match Corporation v. United States, protests 59/4091, etc. (Galveston).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiff was sustained.

**No. 67147.**—Transamerican Match Corporation v. United States, protests 59/29755, etc. (Tampa).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiff was sustained.

**No. 67148.**—Transamerican Match Corporation *v.* United States, protests 59/29861, etc. (Galveston).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiff was sustained.

**No. 67149.**—Transamerican Match Corporation *v.* United States, protests 60/22129, etc. (Charleston).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Falcon Sales Company* and *J. J. Murphy & Co.* v. *United States* (47 Cust. Ct. 129, C.D. 2292), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 29, 1962

**No. 67150.**—Fred Baumgarten *v.* United States, protest 61/6821 (Savannah).

RAO, Judge: Plaintiff is the importer of certain bound books, invoiced as "desk-diaries," which were assessed with duty at the rate of 20 per centum ad valorem pursuant to the provision for diaries in paragraph 1410 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, as supplemented by Presidential proclamation, 90 Treas. Dec. 280, T.D. 53877.

By timely protest, plaintiff contests said assessment, claiming that his merchandise is dutiable at only 10½ per centum ad valorem, as blankbooks, within the provisions of said paragraph 1410, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

As originally enacted, paragraph 1410 of the Tariff Act of 1930 contained a provision for "blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts," which were subjected to duty at the rate of 25 per centum ad valorem. By trade agreement negotiation, the portion of the provision specifying blankbooks and slate books was singled out for revision, and,